## Hale's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Francis A. McCarron* and *Roper & Caldwell,* for exceptant.

*Charles Myers* of *Barnes, Dechert, Price & Smith,* contra.

SINKLER, J., December 11, 1942.—The adjudication contains a sufficient recital of the facts and an adequate review of the decisions relating to the liability of the trustee in respect of the administration of trust estates.

The court being equally divided, the exceptions are dismissed and the adjudication is confirmed absolutely.

VAN DUSEN, P. J., dissenting.—The power to invest in nonlegals must not rest upon equivocal words or upon conjecture, but must clearly appear. The presumption is against the existence of such power and all doubts resolved against the party asserting it: Taylor's Estate, 277 Pa. 518, 523.

The will authorized trustees to invest in "good sound securities." Prior to Greenawalt's Estate, 343 Pa. 413, this language would not have authorized nonlegal investments. See Garrettson's Estate, 23 Dist. R. 346, "good secure manner"; Plate's Estate, 30 Dist. R. 902, "good securities". In the Greenawalt case the will authorized reinvestment "in other real estate or such securities as may be for the best interests of my estate." There is a subtle but real difference in this language. The reference to "the best interests of my estate" implies a discretion as to the kind of securities to be chosen, which the expression "good sound securities" does not. In addition, the permission to invest in real estate shows clearly that the trustees are authorized to

go outside of legal investments, as the Supreme Court points out. We do not agree with the auditing judge that Greenawalt's Estate, supra, controls this case, or that it has done away with the well-established rule that authority to make nonlegal investments must be clearly shown.

Klein and Ladner, JJ., join in this dissent.